UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
UNITED STATES OF AMERICA                    :
                                            :
                                            :       08 CR 1327 (HB)
        - against -                         :
                                            :       OPINION &
                                            :       ORDER
ARKADY ISRAILOV, et al.                     :
                                            :
                Defendant.                  :
                                            :
------------------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

  Defendant Arkady Israilov ("Israilov" or "Defendant") was arrested, along with a number of co-defendants, and charged in a seven-count federal indictment for conspiracy, robbery, extortion, and sale of stolen goods. The government alleges, among other things, that between 2002 and 2008, the co-defendants committed various acts of armed robbery, extorted individuals by threat and force, and attempted to hijack a federal express truck. Mr. Israilov in particular is alleged in Count One of the indictment to be a participant in a Hobbs Act Conspiracy, pursuant to 18 U.S.C. § 1951, to commit robbery and extortion. As part of the overt acts for this conspiracy, Defendant is said to have planned and participated in a May 2002 robbery of luxury watches, where the individuals involved impersonated federal agents. He is not alleged to be involved in any of the other overt acts in Count One. The Defendant is also charged in Count Seven for allegedly conspiring to transport stolen goods across interstate lines by selling a watch in New York which was previously stolen in New Jersey. Israilov moves the Court to (1) dismiss Count One as duplicitous and time-barred; (2) sever Counts One and Seven from the other counts; (3) sever Defendant from the other defendants; and (4) direct the government to provide a bill of particulars.[1] For the reasons that follow, Defendant's omnibus motion is DENIED.

**DISCUSSION**

<u>Duplicitous Count</u>

---

[1] All other motions brought by Israilov's co-defendants have previously been resolved.

1

Defendant claims that Count One should be dismissed as duplicitous and time-barred. He argues that the Count combines a "hodge-podge amalgam of four separate robbery conspiracies" that include separate conspiracies to steal luxury watches in 2002, rob a diamond business in 2005, and so forth. Def.'s Br. at 3.[2] Since Defendant is only alleged to have been directly involved in the 2002 watch robbery, he argues that this is an impermissible attempt to shoe-horn in otherwise time-barred criminal conduct. In response, the Government argues that they are alleging a single overarching conspiracy in Count One and therefore do not create a duplicitous count.

"An indictment is duplicitous if it joins two or more distinct crimes in a single count." *United States v. Aracri*, 968 F.2d 1512, 1518 (2d Cir. 1992) (citing *United States v. Murray*, 618 F.2d 892, 896 (2d Cir. 1980). A duplicitous pleading, however, is not inherently invalid; it is only impermissible if it prejudices the defendant. *United States v. Olmeda*, 461 F.3d 271, 281 (2d Cir. 2006) (citing *United States v. Sturdivant*, 244 F.3d 71, 75 n. 3 (2d Cir. 2001). More significant to the case at bar, however, is the fact that a count which alleges multiple illegal activities is not automatically duplicitous. *See Aracri*, 968 F.2d at 1518 ( "[a] duplicitous indictment, which alleges several offenses in the same count" is different than "the allegation in a single count of the commission of a crime by several means"). A conspiracy indictment is a paradigmatic example of where a single count of an indictment may allege multiple criminal acts, but which are not duplicitous. "In this Circuit it is well established that the allegation in a single count of a conspiracy to commit several crimes is not duplicitous." *Id.* (internal quotations omitted).

Here, Count One expressly alleges that Israilov and other defendants "knowingly did combine, conspire, confederate and agree together and with each other" to violate the Hobbs Act, and goes on to read that "in furtherance of the conspiracy," Defendant engaged in the 2002 luxury watch robbery with some of his co-defendants. Superseding Indictment, at 1-2 (filed July 23, 2009) ("Indictment").   This language makes clear that the government alleges a "single continuing scheme" which can be "charged in a single count." *Olmeda*, 461 F.3d at 281 (internal quotation omitted). Defendant relies on *United States v. Gabriel* to support the argument that Count One "appears to actually allege two distinct conspiracies and thus to offend the prohibition against combining multiple conspiracies within a single conspiracy count." 920 F. Supp. 498,

---

[2] Counsel for Defendant failed to provide page numbers on his brief. The page numbers used herein are based on the page layout of the hard copy received in Chambers.

504 (S.D.N.Y. 1996). In that case, however, Judge Rakoff determined that while the indictment made a "boilerplate" reference to a single conspiracy, "the other 15 paragraphs of the count…are more consistent with an allegation of two conspiracies." *Id.* at 503. The indictment there contained a "clear allegation of a new and separate conspiracy." *Id.* By contrast there is no indication that the single-conspiracy allegations here are mere boilerplate or clearly demonstrate distinct conspiracies. As Defendant points out, there is temporal distance between the luxury watch robbery and the other overt acts which could suggest that they are unrelated events. But any hint that they are unrelated is belied by the fact that the watch robbery involved additional defendants who engaged in the other overt acts and was of the same general type of criminal conduct as those other acts. The government's allegation of a single conspiracy is plausible based on the facts and does not appear on its face to be an attempt to boot-strap additional unrelated criminal conduct. Indeed, the time lag between overt acts is not even as great as Defendant claims – the other overt acts occurred over a period from 2003 to 2008. Finally, it should be noted that even in *Gabriel*, Judge Rakoff still declined to dismiss the count as duplicitous. He noted the Second Circuit's admonition that "determination of whether a conspiracy is single or multiple is an issue of fact 'singularly well suited to determination by a jury." *Gabriel*, 920 F. Supp. at 506. Since the government alleges a single conspiracy in Count One, and because the indictment plainly supports this reading, I "cannot conclude on the basis of pleadings alone that there is *no* set of facts falling within the scope of [Count One] that could warrant a reasonable jury in finding a single conspiracy." *Id.* (emphasis in original). As such, Defendant's motion to dismiss Count One is denied.[3]

Severance of Counts and Defendant

Defendant next argues that he should be severed and prosecuted in a separate trial. Specifically, he claims that Count Seven – conspiring to sell a stolen watch in 2007 – is "wholly unrelated to the other Counts" and thus violates Rule 8(a) of the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 8(a) (allows joinder of offenses where they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."). In addition, Israilov argues that he was improperly joined with the other defendants under Rule 8(b) of the Federal Rules because the two acts in which he

---

[3] Since I conclude that the government alleges a single conspiracy that includes overt acts which span from 2002 to 2008, Count One is not time-barred on its face.

3

is charged – the watch robbery in Count One and the conspiracy to sell a stolen watch in Count Seven – are distinct and independent from the other alleged criminal activities.  Joinder of defendants is allowed "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  *See* Fed. R. Crim. P. 8(b).  Finally, he argues that even if joinder was "technically proper," this Court should grant a severance pursuant to Rule 14 because of the risk of "spillover prejudice."  Def.'s Br. at 7; s*ee* Fed. R. Crim. P. 14 ("If the joinder of offenses or defendants in an indictment…appears to prejudice a defendant…the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.").  He claims that the disparity in criminal conduct and the possible introduction of evidence against other defendants that would not apply to him is sufficiently prejudicial to warrant a separate trial.  I disagree.

       First, neither clauses of Rule 8 are at issue here because both the defendant and the offenses were properly joined.  When a case involves the joinder of both defendants and offenses, Rule 8(a) is not applicable.  *See United States v. Turoff*, 853 F.2d 1037, 1043 (2d Cir. 1988) ("[W]e invoke only Rule 8(b) to test the validity of joinder regardless of which type of severance is sought.").  "When a defendant in a multiple defendant case challenges joinder of offenses, however, his motion is made under Rule 8(b) rather than Rule 8(a)…and the question is whether the codefendants participated . . . in the same series of acts or transactions constituting an offense or offenses."  *United States v. Turbide*, 558 F.2d 1053, 1061 (2d Cir. 1977).  As noted above, the indictment clearly alleges that Israilov and his co-defendants participated in the same series of acts or transactions.  The co-defendants with whom he allegedly committed the 2002 luxury watch robbery are alleged to have engaged in the criminal conduct in Counts Two through Six.  Although not every defendant was involved in every event, "Rule 8(b) does not require…that each defendant have participated in the same act or acts."  *United States v. Krenning*, 93 F.3d 1257, 1266 (5th Cir. 1996); *see also United States v. Teitler*, 802 F.2d 606, 615 (2d Cir. 1986).  Further, the government alleges that the conspiracy to sell the watch in Count Seven is directly related to the initial watch robbery in Count One as well as the overarching conspiracy involving the other robberies and extortionate acts.  *See*, Govt.'s Br. at 8.  An allegation of an overall conspiracy linking the various alleged criminal acts, as is the case here, satisfies Rule 8(b).  *See United States v. Henry*, 861 F. Supp. 1190, 1200 (S.D.N.Y. 1994) ("All defendants in this case are properly joined because they are alleged to have participated in the underlying conspiracy.").

Motions for severance under Rule 14 are not routinely granted, as there is a strong policy in favor of joint trials.  As the Supreme Court noted, "[j]oint trials play a vital role in the criminal justice system" and they "generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability-advantages which sometimes operate to the defendant's benefit." *Richardson v. Marsh*, 481 U.S. 200, 209 (1987).  A motion for severance is "committed to the sound discretion of the trial judge." *United States v. Villegas*, 899 F.2d 1324, 1346 (2d Cir. 1990).  A discretionary severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).  The burden to demonstrate prejudice is high. *See United States v. Torres*, 901 F.2d 205, 230 (2d Cir. 1990) (to overturn denial of severance on appeal, defendant "must show that he was so severely prejudiced by the joinder as to have been denied a fair trial").

Defendant's claim of spillover prejudice sufficient to merit severance must fail.  Whether or not Israilov played a minor role in the conspiracy is not significantly prejudicial because "differing levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials." *United States v. Chang An-Lo*, 851 F.2d 547, 557 (2d Cir. 1988).  Defendant's concern about the potential evidence that will be used at trial likewise does not merit severance.  Since the government apparently plans to show a single joint conspiracy amongst the defendants, the evidence is likely to be admissible against Israilov.  A claim of prejudice is "insupportable when the evidence would have been admissible against him in a separate trial alone as a member of the conspiracy." *United States v. Salameh*, 152 F.3d 88, 116 (2d Cir. 1998).  Even where some evidence may not be admissible against Defendant, this alone is not enough to require severance. *See, e.g., United States v. Carson*, 702 F.2d 351, 367 (2d Cir. 1983) ("[T]he fact that evidence may be admissible against one defendant but not another does not necessarily require a severance.").  Should there be any concern about the prejudicial nature of certain evidence, you will provide a limiting instruction and I will instruct the jury so as not to unduly prejudice Israilov.  Because Defendant has failed to demonstrate that a trial with his co-defendants would be sufficiently prejudicial, his motion to sever the offenses and defendants is denied.

Bill of Particulars

Lastly, Israilov urges the Court to order the government to issue a bill of particulars so that he may "prepare for his defense and to prevent undue surprise at trial." Def.'s Br. at 10. He seeks information about the location of the criminal conduct, the goal of the conspiracy, the *modus operandi* of the crimes, and other similar information. This request is denied. A bill of particulars may be granted to a defendant pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure "in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). The decision whether to grant a bill of particulars rests in the sound discretion of the district court. *See United States v. Payden*, 613 F. Supp. 800, 816 (S.D.N.Y. 1985). A court should be careful in deciding whether to grant a bill of particulars, due to the fact that, if issued, it will confine the government's evidence "to the particulars furnished." *Id.* The bill is not intended to be an investigatory tool – "acquisition of evidentiary detail is not the function" – and should only be required "where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *Torres*, 901 F.2d at 234.

In this case, the details in the indictment provided to Defendant render a bill of particulars unwarranted. The indictment in this case is not a vague, generalized document, but rather largely sets out with whom Israilov allegedly participated in the criminal acts, the dates and basic factual conduct underlying the offense, and what activity the government intends to show supports the notion of a conspiracy. *See United States v. Ferrarini*, 9 F.Supp.2d 284, 299 (S.D.N.Y. 1998) (indictment "discloses sufficient information to inform the defendants adequately of the charges against them" because "[i]t describes in careful detail the nature and goals of the charged conspiracy, the overt acts taken in furtherance of it, and the numerous additional substantive counts with which the defendants are charged."). The government also contends that it provided "voluminous additional discovery relating to the allegations and the Government's evidence" and Defendant does not argue to the contrary. *See United States v. Reinhold*, 994 F.Supp. 194, 201 (S.D.N.Y. 1998) (no need for bill of particulars where defendant "had extensive discovery" because there is no danger that "defendant[] will be unfairly surprised at trial"). The detailed indictment and discovery provided by the government demonstrate that Defendant has been put on notice of the crimes he is charged with, and will not have to prepare for trial without knowing the basics of the case against him. Defendant was adequately informed of the charges against

6

him and he will not be "unfairly surprised at trial as a consequence of the denial of the bill of particulars." *Torres*, 901 F.2d at 234.

## CONCLUSION

For the foregoing reasons, Israilov's omnibus motion to dismiss Count One as duplicitous, to sever the defendant and offenses, and to issue a bill of particulars is DENIED. The Clerk is instructed to remove this motion from my docket.

SO ORDERED
November ___, 2009
New York, New York

_____
U.S.D.J.